# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| DAVID ROBERT BOURGEOIS, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) 1:10-cv-00522-JAW |
| | ) |
| MAINE DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
|     Respondent | ) |

## RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

Before this Court is David Bourgeois's second petition for 28 U.S.C.§ 2254 relief challenging his conviction on two counts -- gross sexual assault and unlawful sexual contact -- by a Maine jury in 2006. Bourgeois went forward with two claims in his first petition, filed in 2007, see Bourgeois v. Maine, 1:07-cv-00152-JAW, 2007 WL 4375398, 1 (D. Me. Dec. 13, 2007). In my recommended decision on that petition I expressly noted that my discussion addressed the merits of the two fully exhausted claims in his 2007 habeas petition and added:

> For the sake of future clarity, it is worthwhile to note here that in his petition Bourgeois indicated that he had a pending petition for state post-conviction review that contained twenty-three counts. On October 4, 2007, I issued a procedural order that noted this pending petition and cautioned:
>> If this allegation is accurate that petition would toll the federal statute of limitation while it is properly pending in the state court. If this court proceeds to adjudicate the merits of the two claims he alleges are fully exhausted, petitioner will then most likely be unable to bring a second or subsequent petition in this court as to those other claims.
>
> (Procedural Order at 1, Docket No. 5.) Bourgeois responded to that order immediately, indicating:
>> After careful consideration of the issue stated in the above procedural order, and after close review of the 23 grounds pending post conviction review, it is clarified that: David Robert Bourgeois, petitioner in the above named case, clearly states that he wishes to proceed, effective today, with his petition under Title 28, United States Code, Section 2254 for writ of habeas corpus by a person in state custody.

> Petitioner also wishes to state that, while he does not for[e]see filing a suc[c]essive petition containing the grounds in the state post conviction review, any subsequent petition filed would be strictly limited by the Petitioner to a maximum limit of no more than two grounds. The Petitioner clearly understands that any subsequent petition will most likely be unable to be accepted by this court. (Oct. 8, 2007, Letter at 1, Docket No. 7.)

Id. at 13 -14.

Bourgeois was clearly aware at the time of his first § 2254 petition that his ability to seek review of those theretofore unexhausted claims would be subject to the limitations put on second and successive petitions in 28 U.S.C. § 2244. Subsection (b)(3)(A) of § 2244 provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C.A. § 2244 (b)(3)(A).

Despite his earlier acknowledgment of the reality that claims contained in his then pending post-conviction petition relating to this same judgment would most likely be unable to be accepted by the court and would face strict limitations, Bourgeois attempts to reframe the issue by arguing that the Maine Law Court's judgment on his direct appeal is distinct from the superior court's judgment denying him post-conviction relief on the same judgment of conviction under which he is now in custody. He has submitted an exhibit towards making this point (see Doc. 6-3) but his construction of the statute and the limitation on a second petition is without a doubt erroneous.

Recently the First Circuit addressed a very similar concern in Gautier v. Wall, 620 F.3d 58 (1st Cir. 2010) (per curiam) It summarized:

> Jacques Gautier could have filed one habeas petition raising all of his claims after "exhaust[ing] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Instead, he "twice brought claims contesting the same custody imposed by the same judgment of a state court." Burton v. Stewart, 549 U.S. 147,

154 (2007) (per curiam). His second such petition was "second or successive" under 28 U.S.C. § 2244(b). It should not have been filed without our authorization…. we direct the district court to dismiss the petition for lack of jurisdiction.

Id. at 59. The Panel further explained:

> Burton casts a long shadow over repeat petitioners who, with better timing, could have consolidated their claims in one fully exhausted petition. Gautier falls into this camp. Once his criminal "judgment became final by the conclusion of direct review," § 2244(d)(1)(A), he could have filed one petition raising all of his claims. Burton, 549 U.S. at 156-57; cf. Mathis v. Thaler, 616 F.3d 461, 2010 WL 3278609, at *7-8 (5th Cir. Aug.20, 2010) (consolidation in one petition possible with post-conviction tolling under 28 U.S.C. § 2244(d)(2)); In re Davis, 565 F.3d 810, 820-21 (11th Cir.2009) (similar). He instead split his claims between petitions.
> "The prisoner's principal interest, of course, is in obtaining speedy federal relief on his claims." [Rose v. Lundy, 455 U.S. [509,] 520 [(1982)]] (plurality opinion). If the first-exhausted claims are strong and the sentence short, who can gainsay a decision to proceed? For the typical petitioner, however, the lesson of Burton is to avoid filing two petitions where one would do.

Id. at 61.[1] Bourgeois attempts to make an argument that Gautier was decided after he went forward with his earlier petition but the First Circuit made it clear in that decision that in defining 'second and successive' it was drawing on law that "'predated the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)'." Id. at 60 (quoting Panetti v. Quarterman, 551 U.S. 930, 943-44 (2007)).

Bourgeois was expressly forewarned by this court that he could face the hurdle he is now confronted with and, what is more, he expressly acknowledged this issue in deciding to proceed on the two claims he exhausted through his direct appeal. Following Gautier, this court plainly has no jurisdiction over this petition; Bourgeois must first obtains permission to proceed from the First Circuit.

---

[1] Bourgeois received a twenty-year sentence all but 12 suspended on the first count so he was not in any real predicament as far as making a decision to press on with the two exhausted grounds while he pursued post-conviction relief.

## Conclusion

For the reasons stated above I conclude that this Court cannot consider Bourgeois's claims in this 28 U.S.C. § 2254 petition because he has not secured authorization from the First Circuit Court of Appeals to proceed with a second petition and this court, therefore, has no jurisdiction. His petition should be dismissed as a second or successive petition filed in this court.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

April 8, 2011